trustee of the trust, described in the Condominium Declaration and the Texas Property Code Section 82.111(f), and all sides also concede that Debtor is a beneficiary of that trust as an owner of some of the damaged units and the common areas of the burned building. Because of this, the debtor does not exercise its power "solely for the benefit of an entity other than the debtor" but for itself as well, making Section 541(b)(1) inapplicable.

■ BDA argues that the Texas Condominium Act, V.T.C.A., Property Code § 82.111(f)[1] created a statutory trust for the casualty loss insurance proceeds that operated as a "restriction on the transfer of any beneficial interest in the trust created in the [proceeds]," and that this is enforceable nonbankruptcy law under 11 U.S.C. § 541(c)(2).

While Section 82.111(f) states that "proceeds paid under a policy must be disbursed first for the repair or restoration of the damaged common elements and units," there is no claim that this statute creates a spendthrift trust under Texas law, nor is Hearthwood's own beneficial interest subject to the types of restraint on alienation that Section 541(c)(2) contemplates.[2] Nor does the language of the Condominium Declaration alter this analysis. The cases cited by BDA concern situations in which the Debtor held only a legal interest in the proceeds, not one, as here, where the

Debtor also was a beneficiary. *See In the Matter of Maple Mortg., Inc.*, 81 F.3d 592 (1996). Section 541(c)(2) is inapplicable in this situation. We agree with the bankruptcy and district courts that the casualty loss insurance proceeds are part of the bankruptcy estate. In light of that conclusion, the bankruptcy court did not abuse its discretion in refusing to lift the automatic stay.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

**UNITED STATES of America, Plaintiff–Appellee**

v.

**Rafael Alberto FLORES, also known as Rafa, Defendant–Appellant.**

**No. 13–11240.**

United States Court of Appeals, Fifth Circuit.

July 29, 2014.

James Wesley Hendrix, Assistant U.S. Attorney, Keith Robinson, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

---

1. Section 82.111(f) states:
   The insurance trustee or the association shall hold insurance proceeds in trust for unit owners and lienholders as their interests may appear. Subject to Subsection (i), the proceeds paid under a policy must be disbursed first for the repair or restoration of the damaged common elements and units, and unit owners or lienholders are not entitled to receive payment of any portion of the proceeds unless there is a surplus of proceeds after the property has been completely repaired or restored, or the condominium is terminated.

2. The interests that are excluded "[t]ypically ... are those associated with spendthrift trusts or ERISA plans." *In re Walt Robbins, Inc.*, 129 B.R. 452, 455 (Bankr.E.D.Va.1991) (citing *In re Moore*, 907 F.2d 1476 (4th Cir. 1990)). *See also Patterson v. Shumate*, 504 U.S. 753, 760, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) (antialienation provision required for ERISA qualification of pension plan constituted enforceable transfer restriction for purposes of Bankruptcy Code).